NUMBER 13-02-611-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JUSTA RAMIREZ, INDIVIDUALLY
AND AS NEXT FRIEND OF JOE
RUBEN PEREZ, NON COMPOS
MENTIS,                                                                               Appellant,

v.

COUNTY OF LIVE OAK AND
CITY OF GEORGE WEST,                                                          Appellees.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Yañez

          Appellant, Justa Ramirez, individually and as next friend of her son, Joe Ruben
Perez (“Perez”), sued appellees, the County of Live Oak (“the County”), the City of George
West (“the City”), and the George West Volunteer Fire Department (“the Department”), for
damages arising from personal injuries suffered by Perez. Perez’s injuries resulted from
being struck by a vehicle driven by Michael Thomas Byler (“Byler”),


 a Fire Department
firefighter, responding to a fire call. The trial court granted summary judgment in favor of
appellees. 
          The issue is whether governmental immunity from suit has been waived. In four
issues, appellant challenges the trial court’s judgment, contending: (1) the trial court
improperly granted summary judgment because the City and County contracted with the
Department to obtain firefighting services; (2) Byler is the Department’s employee or agent
because he was in its “paid service” and it had the right to control the details of tasks he
performed on its behalf; (3) Byler’s conduct as an agent of the Department, the County,
and the City waived the sovereign immunity of all three entities; and (4) the City’s statutory
entitlement to notice of a claim against it under the Tort Claims Act was waived by its
actual notice of the injury or damage. We affirm.
Background
          On February 1, 1999, Byler responded to a call issued by the Department. Byler
was driving a Dodge Caravan owned and insured by his parents. At an intersection near
the fire station, Byler’s vehicle struck Joe Ruben Perez, who was riding a bicycle. As a
result of the accident, Perez suffered injuries. 
Standard of Review
          The standard of review for the grant of a motion for summary judgment is
determined by whether the motion was brought on no-evidence or traditional grounds.


 We
review de novo a trial court's grant or denial of a traditional motion for summary judgment.


 
The movant bears the burden of showing both no genuine issue of material fact and
entitlement to judgment as a matter of law.


 In deciding whether there is a genuine issue
of material fact, we take evidence favorable to the non-movant as true.


 We make all
reasonable inferences and resolve all doubts in favor of the non-movant.


 
          When a defendant moves for summary judgment on an affirmative defense, like
sovereign immunity, the defendant must conclusively prove each element of the defense
as a matter of law.


 Evidence favorable to the non-movant is taken as true, and every
reasonable inference in favor of the non-movant will be resolved in its favor.


 Once the
movant establishes an affirmative defense which would bar the suit as a matter of law, the
non-movant must then produce summary judgment proof raising a fact issue in avoidance
of the affirmative defense.


 Questions of law, such as sovereign immunity, are appropriate
matters for summary judgment.


 Where, as here, the trial court’s summary judgment
order does not specify the ground or grounds on which the court relied, we will uphold the
ruling if any of the theories advanced is meritorious.


 
 Contract for Services of Fire Department
          In her first issue, appellant contends the City and County are liable for the acts and
omissions of the Department because each entity contracted with the Department to obtain
fire services pursuant to section 791.006 of the government code. That section provides:
(a) If governmental units contract under this chapter to furnish or obtain the
services of a fire department, the governmental unit that would have been
responsible for furnishing the services in the absence of the contract is
responsible for any civil liability that arises from the furnishing of those
services.



 
Appellant admits that no express contract for fire services exists, but argues that “[t]he lack
of an express contract or city ordinance formalizing the agreement is irrelevant to the
existence of a contract between the entities.” We disagree. Section 791.011 provides:
(a) A local government may contract or agree with another local government
to perform governmental functions and services in accordance with this
chapter. 
 
. . . .
 
(d) An interlocal contract must:
 
(1) be authorized by the governing body of each party to the contract
. . .
 
(2) state the purpose, terms, rights, and duties of the contracting
parties; and 
 
(3) specify that each party paying for the performance of
governmental functions or services must make those payments from
current revenues available to the paying party.



 
Terri Garza, the City Manager, testified that the City has no contract with the Department. 
Robert Wientjes, former chief of the Department, testified that the Department has no
contract with the City or County to provide fire services. Jim Huff, County Judge, also
testified that there is no contract between the County and the Department. We conclude
that no contract satisfying the requirements of section 791.011(d) existed between the
entities. We overrule appellant’s first issue. 
Sovereign Immunity 
          In her second issue, appellant contends the trial court erred in granting summary
judgment in appellees’ favor because Byler is the Department’s employee or agent. 
          As a general rule, government entities are immune from tort liability under the
doctrine of sovereign immunity unless the legislature has waived immunity.


 Whether a
particular claim is excepted from the general doctrine of sovereign immunity is entirely
dependant on the statutory language. 



          The County and the Department moved for summary judgment on the affirmative
defense of sovereign immunity.


 Specifically, the County and the Department argued that
because Byler is a volunteer, not an “employee” of a governmental unit, he cannot waive
the entities’ sovereign immunity by his conduct. The City moved separately for summary
judgment on the same basis. In addition, the City claimed it was entitled to summary
judgment because: (1) it never received proper notice of appellant’s claims; and (2) the
claims are time-barred. 
          Under certain circumstances, the State or a governmental unit of the State is liable
for personal injuries proximately caused by "the wrongful act or omission or the negligence
of an employee acting within the scope of his employment.”


 The Act defines an
"employee" as:
a person, including an officer or agent, who is in the paid service of a governmental
unit . . . but does not include an independent contractor . . . or a person who
performs tasks the details of which the governmental unit does not have the legal
right to control.



 
          Thus, to prevail on their affirmative defense of sovereign immunity, appellees were
required to establish that Byler was not an employee/agent in the paid service of the 
Department. In support of their motion for summary judgment, the County and the
Department attached: (1) an affidavit of Lloyd Clifton, Fire Chief of the Department; (2)
appellant’s petition; and (3) a copy of the 1940 articles of corporation for the Department. 
In support of its motion, the City attached: (1) Clifton’s affidavit; (2) a copy of the
Department’s articles of incorporation; (3) appellant’s petition; (4) an affidavit of Terri
Garza, City Manager of George West, with a copy of City charter provisions regarding
notice of claims; (5) an affidavit of Jacquelyn Harborth, City Secretary of George West; and
(6) an affidavit of the mayor of George West, August Caron. 
          Appellant’s evidence, attached to her responses to the motions, included deposition
testimony by: (1) Kim Herrington, a member of the Department who witnessed the
accident; (2) Garza; (3) Clifton; (4) Lee Wallek, volunteer fire marshal for the City; (5) Juan
Garcia, Jr., the City police officer who investigated the accident; (6) Byler; (7) Harborth; (8)
Robert Wienjtes, member and former chief of the Department; (9) Jim Huff, County Judge
of Live Oak County; and (10) Lloyd Wientjes, member of the Department. Appellant’s
evidence also included a copy of the police accident report and copies of Department
checks to Byler. 
          Additional evidence attached to appellees’ responses to appellant’s replies included:
(1) affidavits of members of the Department; (2) affidavits of members of the Department’s
Board of Directors; (3) Byler’s application for membership in the Department; (4) affidavits
of members of the Commissioner’s Court of Live Oak County; and (5) reply affidavits of
Garza and Harborth. 
          We begin by addressing appellant’s argument that the evidence established Byler’s
status as a Department employee by showing: (1) he was in its paid service; and (2) it
controlled the details of his work in providing fire protection.
Paid Service
          In support of her argument that Byler was in the Department’s “paid service,”
appellant contends Byler’s cancelled Department checks establish that he was
compensated for his services. In his deposition testimony, Byler testified he received two
or three dollars each time he responded to a fire call and for attending weekly Department
meetings. Firefighters received quarterly checks from the Department for attending
meetings and responding to fire calls. Although Byler testified he guessed “you could call
it income,” he did not receive a “W-2" from the Department and testified he was told by his
CPA that he did not have to report the checks as income for tax purposes. Byler testified
that the Department issued him a pager and a full set of gear, including a helmet, jacket,
pants, and boots. 
          Clifton, the fire chief (and also a member of the city council), testified that the
firefighters’ compensation of two dollars per meeting and three dollars per fire call is to
defray the cost of “washing and taking care of their clothing.” Clifton testified that the only
other compensation members receive is a $25,000 life insurance policy paid by funds
donated to the Department. He also testified that the City or County provides workers’
compensation coverage for injuries sustained by firefighters, depending on where the injury
occurred. The City and County provide funds for the purchase of trucks, equipment, and
safety gear; the County also provides a budget for the maintenance of the Department’s
building. 
          Appellant argues that because “Byler received compensation from the Department
in the form of a small clothing allowance, furnished equipment, and training in return for his
service as a firefighter,” he was in the “paid service” of the Department at the time of the
accident. We disagree. We conclude that this case is governed by Harris County v.
Dillard, 883 S.W.2d 166, 167 (Tex. 1994). In Dillard, the Texas Supreme Court held that
an unpaid volunteer reserve deputy sheriff did not fall within the definition of “employee” 
under section 101.001(1) of the Texas Tort Claims Act.


  
          Here, Fire Chief Clifton’s affidavit states that the members of the Department are
not paid a salary or compensated for the services they render as volunteers of the
Department. The Department’s “Code of Rules Governing Membership” states that
“[m]embers of the George West Volunteer Fire Department shall not be paid for their time
or services as a fireman, but shall be given a modest amount to be known as clothing
allowance ($2.00) per meeting and ($2.00) per fire.” Under the Fair Labor Standards Act,
“volunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination
thereof, for their service without losing their status as volunteers.”


 
          We hold that as a matter of law, Byler was not in the “paid service” of the Fire
Department. Because he is not an “employee” of a governmental unit within the meaning
of the Tort Claims Act, his actions cannot waive the sovereign immunity of the City, County,
or Fire Department.


 We overrule appellant’s second issue and AFFIRM the summary
judgment in appellees’ favor.
          Because of our disposition of appellant’s first and second issues, it is unnecessary
for us to address appellant’s remaining issues.


 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Memorandum opinion delivered and filed this the
27th day of January, 2005.